

Received on
17 APR. 2026
Copy to JUDATT
Copy to DOJ/OIA
L/LEI



REPÚBLICA DE COLOMBIA
**MINISTERIO DE RELACIONES EXTERIORES**

Libertad y Orden

**DIAJI No. 1653**

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales - saluda muy atentamente a la Honorable Embajada de los Estados Unidos de América, con ocasión de remitir el Oficio No. MJD-OFI26-0017520-DAI-10100 del 15 de abril de 2026, anexo al cual obra la Resolución Ejecutiva No. 072 del 03 de marzo de 2026, mediante la cual se concedió, por parte del Gobierno Nacional, la extradición del señor **JOSE ENRIQUE MARTÍNEZ FLORES**, en los siguientes términos:

*"**ARTÍCULO PRIMERO: Conceder** la extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**, identificado con cedula de identidad No. V-28.551.346, expedida en la República Bolivariana de Venezuela, requerido para comparecer a juicio por el **Cargo Uno** (Concierto internacional para distribuir cocaína); **Cargo Dos** (Distribución internacional de cocaína)', **Cargo Tres** )Concierto para suministrar apoyo material a una organización terrorista extranjera)-, **Cargo Cuatro** {Suministro e intento de suministrar apoyo material a una organización terrorista extranjera) y **Cargo Cinco** (Distribución internacional de cocaína), imputados en la Acusación Sustitutiva en el Caso Número 4:25-cr-00030-SI (también referida como Caso 4:25-cr-00030 y Caso No. 4:25-cr-00030-SI-2), dictada el 8 de abril del 2025, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas.*

***ARTÍCULO SEGUNDO: No diferir la entrega** del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES** por cuenta de los procesos penales que obran en su contra. En consecuencia, ordenar que se lleve a cabo la misma, de conformidad con lo expuesto en la parte motiva de la presente resolución.*

*De igual manera, se advierte al Estado requirente que, una vez cumplida una eventual condena por los hechos que sustentan la extradición, o cuando cese el motivo de la*

A la Honorable
**EMBAJADA DE LOS ESTADOS UNIDOS DE AMÉRICA**
Ciudad





GOVERNMENT
EXHIBIT
1
4:25-cr-00030



REPÚBLICA DE COLOMBIA
**MINISTERIO DE RELACIONES EXTERIORES**

Libertad y Orden

DIAJI No. 1653 hoja 2/3

*detención, el ciudadano requerido deberá regresar a Colombia para comparecer a los procesos penales mencionados.*

***ARTÍCULO TERCERO:*** *Ordenar la entrega del **JOSÉ ENRIQUE MARTÍNEZ FLORES** al Estado requirente bajo el compromiso de que este cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.*

*Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada..*

***ARTÍCULO CUARTO:*** *Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004.. [...]".*

De conformidad con lo anterior, y teniendo en cuenta la comunicación del Ministerio de Justicia y del Derecho, de la cual se anexa copia, y de conformidad con lo ordenado en la citada resolución ejecutiva, se solicita a los Estados Unidos de América, ofrezca la garantía requerida, de acuerdo con lo ordenado en el inciso 2º del artículo 494 de la Ley 906 de 2004, en concordancia con lo resuelto por la Sala Plena de la Honorable Corte Constitucional, Sentencia C-1106 de fecha 24 de agosto del año 2000, en la cual señaló que:

*"[...] la entrega de una persona en extradición al Estado requirente, cuando en este exista la pena de muerte para el delito que la motiva, sólo se hará bajo la condición de la conmutación de la pena, como allí se dispone, e igualmente, también a condición de que al extraditado no*



*se le someta a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes ni a las penas de destierro, prisión perpetua y confiscación conforme a lo dispuesto por los artículos 11, 12 y 34 de la Constitución Política [...]"*

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales – hace propicia la oportunidad para reiterar a la Honorable Embajada de los Estados Unidos de América las seguridades de su más alta y distinguida consideración.

Bogotá D.C., 16 de abril de 2026.



**Justicia**

Al responder cite este número
MJD-OFI26-0017520-DAI-10100

Bogotá D.C., Colombia, 15 de abril de 2026

Doctor
**JHON JAIRO CAMARGO MOTTA**
Director de Asuntos Jurídicos Internacionales
Ministerio de Relaciones Exteriores - Cancilleria
Calle 10 No. 5 - 51 Palacio San Carlos
extradiciones.cancilleria@cancilleria.gov.co
Bogotá, D.C.



Contraseña:GGEuzrxy1R

Asunto: Trámite de extradición de JOSE ENRIQUE MARTÍNEZ FLORES

Doctor Camargo:

De manera atenta, le comunico que mediante Resolución Ejecutiva No. 072 de 03 de marzo 2026, el Gobierno Nacional concedió la extradición del ciudadano venezolano **JOSE ENRIQUE MARTÍNEZ FLORES,** al Gobierno de los Estados Unidos de América, en los siguientes términos:

> *"(..) **ARTÍCULO PRIMERO: Conceder** la extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES,** identificado con cedula de identidad No. V-28.551.346, expedida en la República Bolivariana de Venezuela, requerido para comparecer a juicio por el **Cargo Uno** (Concierto internacional para distribuir cocaína); **Cargo Dos** (Distribución internacional de cocaína)', **Cargo Tres** )Concierto para suministrar apoyo material a una organización terrorista extranjera)-, **Cargo Cuatro** {Suministro e intento de suministrar apoyo material a una organización terrorista extranjera) **y Cargo Cinco** (Distribución internacional de cocaína), imputados en la Acusación Sustitutiva en el Caso Número 4:25-cr-00030-Sl (también referida como Caso 4:25-cr-00030 y Caso No. 4:25-cr-00030-Sl-2), dictada el 8 de abril del 2025, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas.*
>
> ***ARTÍCULO SEGUNDO: No diferir la entrega** del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES** por cuenta de los procesos penales que obran en su contra. En consecuencia, ordenar que se lleve a cabo la misma, de conformidad con lo expuesto en la parte motiva de la presente resolución.*

---

**Ministerio de Justicia y del Derecho**
Dirección: Calle 53 No. 13 - 27, Bogotá D.C., Colombia
Conmutador: +57 (60) 1 444 31 00
Línea Gratuita: (+57) 01 8000 911170



*De igual manera, se advierte al Estado requirente que, una vez cumplida una eventual condena por los hechos que sustentan la extradición, o cuando cese el motivo de la detención, el ciudadano requerido deberá regresar a Colombia para comparecer a los procesos penales mencionados.*

***ARTÍCULO TERCERO**; Ordenar la entrega del **JOSÉ ENRIQUE MARTÍNEZ FLORES** al Estado requirente bajo el compromiso de que este cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.*

*Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.*

***ARTÍCULO CUARTO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. "(..)*

En tal sentido, acompaño copia del mencionado acto administrativo con el objeto de que se informe al país requirente que el Gobierno Nacional concedió la extradición de **JOSE ENRIQUE MARTÍNEZ FLORES**, precisando que aún no se ha puesto a su disposición para el traslado porque la entrega quedó condicionada al ofrecimiento de unas garantías.

Así mismo, le solicito comunicar al país requirente que, a la mayor brevedad posible, debe ofrecer un compromiso formal, por la vía diplomática, sobre el cumplimiento de los condicionamientos impuestos por el Gobierno Nacional que garantice lo dispuesto en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

---



**Justicia**

Tan pronto se reciba el mencionado compromiso, este Ministerio remitirá a la Fiscalía General de la Nación copia del respectivo acto administrativo y de las garantías ofrecidas con el fin de que dicha entidad proceda a la puesta a disposición de la persona reclamada al Estado requirente.

Finalmente, es preciso señalar que la aludida resolución se encuentra debidamente ejecutoriada.

Cordialmente,

ANGELA PATRICIA ACOSTA GUTIÉRREZ
Directora de Asuntos Internacionales (E)

**Elaboró:**
Grupo Extradiciones COS-1493
DAI

**Revisó:**
Grupo Extradiciones APA
DAI

**Aprobó:**
Grupo Extradiciones APA
DAI

---

**Ministerio de Justicia y del Derecho**
Dirección: Calle 53 No. 13 - 27, Bogotá D.C., Colombia
Conmutador: +57 (60) 1 444 31 00
Línea Gratuita: (+57) 01 8000 911170



Gobierno de
**Colombia**

**RESOLUCIÓN EJECUTIVA NÚMERO 072 DE**

**-3 MAR 2026**

Por la cual se decide sobre una solicitud de extradición

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA,**

en ejercicio de la facultad que le confiere el artículo 491 de la Ley 906 de 2004, y

**CONSIDERANDO:**

**1.** Que mediante Nota Verbal No. 0278 del 14 de febrero de 2025, el Gobierno de los Estados Unidos de América, a través de su Embajada en Colombia, solicitó la detención provisional con fines de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**, requerido para comparecer a juicio por delitos relacionados con concierto para delinquir y tráfico de drogas ilícitas.

**2.** Que en atención a dicha solicitud, la Fiscal General de la Nación mediante Resolución del 17 de febrero de 2025, decretó la captura con fines de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**, identificado con cédula de identidad No. V-28.551.346, expedida en la República Bolivariana de Venezuela, la cual se hizo efectiva el 31 de marzo de 2025, por miembros de la Dirección de Investigación Criminal e Interpol de la Policía Nacional.

**3.** Que, mediante Nota Verbal No. 0951 del 22 de mayo de 2025, la Embajada de los Estados Unidos de América en nuestro país formalizó la solicitud de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**.

Hoja No. 2 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

---

En dicha Nota se informa que este ciudadano es el sujeto de una Acusación Sustitutiva en el Caso Número 4:25-cr-00030-S1 (también referida como Caso 4:25-cr-00030 y Caso No. 4:25-cr-00030-S1-2), dictada el 8 de abril del 2025, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas, según se describe a continuación:

*"(...) **SELLADA***
*__ACUSACIÓN DE REEMPLAZO__*

*EL GRAN JURADO EMITE LA SIGUIENTE ACUSACIÓN:*

*__CARGO UNO__*
*(Concierto internacional para distribuir cocaína)*

*A partir de mayo de 2024, siendo desconocida la fecha exacta para el gran jurado, y desde entonces hasta la emisión de la presente acusación formal, en los países de Colombia, Venezuela y dentro de la jurisdicción extraterritorial de los Estados Unidos de América, los acusados*

*(...)*

*y*

*JOSÉ ENRIQUE MARTÍNEZ FLORES*
*alias Chuqui*

*concertaron y acordaron, a sabiendas e intencionalmente, junto a otras personas, tanto conocidas como desconocidas para el gran jurado, elaborar y distribuir 5 kilogramos o más de una mezcla y sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de la categoría II, teniendo la intención, el conocimiento y motivos razonables para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos de América.*

*En violación de las secciones 963, 959(a), 960(a)(3) y 960 (b)(1)(B) del título 21 del Código de los Estados Unidos.*

---------------------------------------------------------------------------------------------------------------------

## *CARGO DOS*

*(Distribución internacional de cocaína)*

*El 6 de noviembre de 2024, o alrededor de esa fecha, en el país de Colombia y dentro de la jurisdicción extraterritorial de los Estados Unidos de América, los acusados*

*(...)*

*y*

*JOSÉ ENRIQUE MARTÍNEZ FLORES*

*alias Chuqui*

*a sabiendas e intencionalmente, elaboraron y distribuyeron una sustancia controlada, teniendo la intención, el conocimiento y motivos razonables para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos de América. La sustancia controlada en cuestión superaba los 5 kilogramos, es decir, aproximadamente 10 kilogramos de una mezcla o sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de la categoría II.*

*En violación de las secciones 959(a), 960(a)(3) y 960 (b)(1)(B) del título 21 y la sección 2 del título 18 del Código de los Estados Unidos.*

## *CARGO TRES*

*(Concierto para suministrar apoyo material a una organización terrorista extranjera)*

*Desde el 20 de febrero de 2025, aproximadamente, y desde entonces hasta la emisión de la presente acusación formal, en el Distrito Sur de Texas, y otros lugares, incluidos los países de Colombia y Venezuela dentro de la jurisdicción extraterritorial de los Estados Unidos de América, los acusados*

*(...)*

*y*

*JOSÉ ENRIQUE MARTÍNEZ FLORES*

*alias Chuqui*

Hoja No. 4 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

---------------------------------------------------------------------------------------------------------

*junto a otras personas, tanto conocidas como desconocidas para el gran jurado, concertaron para suministrar 'apoyo material o recursos', según se definen en la sección 2339A(b) del título 18 del Código de los Estados Unidos, a saber, personal (incluidos ellos mismos) y servicios, a una organización terrorista extranjera denominada Tren de Aragua ('TdA'), que en todo momento relevante ha sido designada por el Secretario de Estado de los Estados Unidos como organización terrorista extranjera conforme a la sección 219 de la Ley de Inmigración y Nacionalidad, sabiendo que TdA era una organización terrorista extranjera designada, y que TdA participa y ha participado en actividades terroristas, y que TdA participa y ha participado en actos de terrorismo.*

*En violación de la sección 2339B del título 18 del Código de los Estados Unidos.*

### *CARGO CUATRO*

*(Suministro e intento de suministrar apoyo material a una organización terrorista extranjera)*

*Desde el 20 de febrero de 2025, aproximadamente, y desde entonces hasta la emisión de la presente acusación formal, en el distrito sur de Texas, y otros lugares, incluidos los países de Colombia y Venezuela dentro de la jurisdicción extraterritorial de los Estados Unidos de América, los acusados*

*y*

*(...)*

*JOSÉ ENRIQUE MARTÍNEZ FLORES*
*alias Chuqui*

*suministraron e intentaron suministrar 'apoyo material o recursos', según se definen en la sección 2339A(b) del título 18 del Código de los Estados Unidos, a saber, personal (incluidos ellos mismos) y servicios, a una organización terrorista extranjera denominada TdA, que en todo momento relevante ha sido designada por el Secretario de Estado de los Estados Unidos como organización terrorista extranjera conforme a la sección 219 de la Ley de Inmigración y Nacionalidad, sabiendo que TdA era una organización terrorista extranjera designada, y que TdA participa y ha participado en actividades terroristas, y que TdA participa y ha participado en actos de terrorismo.*

Hoja No. 5 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

---

*En violación de las secciones 2339B y 2 del título 18 del Código de los Estados Unidos.*

### *CARGO CINCO*
*(Distribución internacional de cocaína)*

*El 5 de marzo de 2025, o alrededor de esa fecha, en los países de Colombia, Venezuela y dentro de la jurisdicción extraterritorial de los Estados Unidos de América, los acusados*

*(…)*

*y*

*JOSÉ ENRIQUE MARTÍNEZ FLORES*
*alias Chuqui*

*a sabiendas e intencionalmente, elaboraron y distribuyeron una sustancia controlada, teniendo la intención, el conocimiento y motivos razonables para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos de América. La sustancia controlada en cuestión superaba los 5 kilogramos, es decir, aproximadamente 14 kilogramos de una mezcla o sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de la categoría II.*

*En violación de las secciones 959(a), 960(a)(3) y 960 (b)(1)(B) del título 21 y la sección 2 del título 18 del Código de los Estados Unidos. (…)"*

Adicionalmente, el país requirente, en la Nota Verbal No. 0951 del 22 de mayo de 2025, señaló:

*"(…) El 9 de abril del 2025, con base en los cargos de la Acusación Sustitutiva, la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas emitió un auto de detención para la captura de MARTÍNEZ FLORES. Dicho auto de detención permanece válido y ejecutable. (…)"*

**4.** Que luego de formalizada la solicitud de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**, el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio S-DIAJI-25-017201 de fecha 23 de mayo de 2025, conceptuó:

Hoja No. 6 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

---------------------------------------------------------------------------------------------------------------------

*"(...) Conforme a lo establecido en nuestra legislación procesal penal interna, se informa que es del caso proceder con sujeción a las convenciones de las cuales son parte la República de Colombia y los Estados Unidos de América.*

*Una vez revisado el archivo de tratados de este Ministerio, es del caso destacar que se encuentran vigentes para las Partes, las siguientes convenciones multilaterales en materia de cooperación judicial mutua:*

* *La ´Convención de Naciones Unidas contra el tráfico ilícito de estupefacientes y sustancias psicotrópicas´, suscrita en Viena el 20 de diciembre de 1988[1]. En ese sentido, el artículo 6, numerales 4 y 5 del precitado tratado disponen lo siguiente:*

*´4. Las Partes que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellas.*

*5. La extradición estará sujeta a las condiciones previstas por la legislación de la Parte requerida o por los tratados de extradición aplicables, incluidos los motivos por los que la Parte requerida puede denegar la extradición.´*

* *La ´Convención de las Naciones Unidas contra la Delincuencia Organizada Transnacional´, adoptada en New York, el 15 de noviembre de 2000[2], que en su artículo 16, numerales 6 y 7, prevé lo siguiente:*

*´6. Los Estados Parte que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellos.*

*7. La extradición estará sujeta a las condiciones previstas en el derecho interno del Estado Parte requerido o en los tratados de extradición aplicables, incluidas, entre otras, las relativas al requisito de una pena mínima para la extradición y a los motivos*

---

[1] Artículo 3° numeral 1 literal a.
[2] Artículo 3, párrafo 1, apartados a) o b).

Hoja No. 7 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

----------------------------------------------------------------------------------------------------

> *por los que el Estado Parte requerido puede denegar la extradición.´*
>
> *De conformidad con lo expuesto, y a la luz de lo preceptuado en los artículos 491 y 496 de la Ley 906 de 2004, los aspectos no regulados por las convenciones aludidas, el trámite se regirá por lo previsto en el ordenamiento jurídico colombiano. (…)"*

**5.**   Que perfeccionado así el expediente de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**, el Ministerio de Justicia y del Derecho, mediante oficio MJD-OFI25-0025394-DAI-10100 del 5 de junio de 2025, lo remitió a la Sala de Casación Penal de la Corte Suprema de Justicia para el concepto correspondiente.

**6.**   Que mediante Nota Verbal No. 1099 del 13 de junio de 2025, la Embajada de los Estados Unidos de América informó sobre una discrepancia entre la versión electrónica de los documentos que soportan la extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES** y que fueron enviados al Ministerio de Justicia y del Derecho, y la versión impresa de los mismos, indicando:

> *"(…) Específicamente, las traducciones de la Acusación Sustitutiva y la orden de arresto están intercambiadas, figurando la orden de arresto en la Prueba B y la Acusación Sustitutiva en la Prueba C. Por lo demás, el resto de los documentos enviados son idénticos. Esto no afecta la validez de la solicitud de extradición. (…)"*

**7.**   Que la Sala de Casación Penal de la Corte Suprema de Justicia, mediante pronunciamiento del 21 de enero de 2026[3], habiendo encontrado cumplidos los requisitos que exigen las normas aplicables al caso, conceptuó favorablemente a la extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**.

Sobre el particular, la Corporación manifestó:

---

[3] Expediente radicado en el Ministerio de Justicia y del Derecho el 9 de febrero de 2026.

Hoja No. 8 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

--------------------------------------------------------------------------------

*"(...)21. **Concepto de la Sala***

*En razón a las anteriores consideraciones, la Sala de Casación Penal de la Corte Suprema de Justicia emite **CONCEPTO FAVORABLE** a la solicitud de extradición de JOSÉ ENRIQUE MARTÍNEZ FLORES, ciudadano venezolano identificado con cédula No. V-28.551.346, expedida en la República Bolivariana de Venezuela, presentada por el Gobierno de los Estados Unidos de América, en relación con los hechos indicados en los cargos contenidos en la Acusación Formal de reemplazo 4:25-cr-00030S1, dictada el 8 de abril de 2025 por la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas – División de Houston.*

22. ***Condicionamientos al concepto***

*22.1 De acuerdo con el artículo 494 de la Ley 906 de 2004, el Gobierno Nacional deberá exigirle al Estado requirente que el solicitado no sea condenado a pena de muerte, ni juzgado por hechos diversos a los que motivaron la solicitud de extradición, ni sometido a desaparición forzada, torturas, tratos o penas crueles, inhumanas o degradantes, como tampoco a la sanción de destierro, cadena perpetua o confiscación, conforme lo establecen los artículos 11, 12 y 34 de la Constitución Política.*

*22.2. Por demás, el tiempo que el reclamado estuvo detenido por cuenta del trámite de extradición deberá serle reconocido como parte cumplida de la posible sanción que se le imponga.*

*22.3. En vista de que el requerido es un ciudadano venezolano, el Ejecutivo deberá comunicar de la resolución que acepta o niega la extradición a la representación diplomática de la República de la República Bolivariana de Venezuela en Colombia, para que tenga conocimiento del trámite que ha involucrado a un connacional suyo.*

*23. Por último, como la Fiscalía General de la Nación informó que contra el reclamado se adelantan los procesos penales 110016000015202480054 y 110016000017202204525 por los delitos de receptación y fabricación, tráfico y porte de armas de fuego, partes o municiones, respectivamente, corresponderá al Gobierno Nacional, en*

Hoja No. 9 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

---------------------------------------------------------------------------------------------------------------

*caso de conceder la extradición, remitir copia de este concepto con destino a esas actuaciones, cuyo conocimiento está a cargo, en su orden, de las Fiscalías 223 y 50 Seccionales de Bogotá.(...)"*

**8.**     Que, en atención al concepto emitido por la Sala de Casación Penal de la Corte Suprema de Justicia, y teniendo en cuenta que de acuerdo con lo establecido en el artículo 501 de la Ley 906 de 2004, el Gobierno Nacional está en libertad de obrar según las conveniencias nacionales, concederá la extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**, identificado con cédula de identidad No. V-28.551.346, expedida en la República Bolivariana de Venezuela, requerido para comparecer a juicio por el **Cargo Uno** *(Concierto internacional para distribuir cocaína);* **Cargo Dos** *(Distribución internacional de cocaína);* **Cargo Tres** *(Concierto para suministrar apoyo material a una organización terrorista extranjera);* **Cargo Cuatro** *(Suministro e intento de suministrar apoyo material a una organización terrorista extranjera)* y **Cargo Cinco** *(Distribución internacional de cocaína),* imputados en la Acusación Sustitutiva en el Caso Número 4:25-cr-00030-S1 (también referida como Caso 4:25-cr-00030 y Caso No. 4:25-cr-00030-S1-2), dictada el 8 de abril del 2025, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas.

**9.**     Que, de la información allegada al expediente, se puede establecer que contra el ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES,** figuran los procesos penales relacionados a continuación:

i.     Radicado No. 110016000015202480054, adelantado por la Fiscalía 223 adscrita a la Unidad de Peculado Culposo de la Dirección Seccional de Bogotá, por el delito de receptación, en etapa de juicio. Estado Activo.

El presente proceso se encuentra con fecha programada para la instalación de audiencia preparatoria el 24 de marzo de 2026 a las 8 am, la cual se llevará a cabo ante el Juzgado 32 Penal del Circuito de Conocimiento de Bogotá.[4]

ii.     Proceso No. 110016000017202204525, adelantado por la Fiscalía 50 adscrita a la Unidad de Seguridad Pública de la Dirección Seccional de

---

[4] Información dada mediante correo electrónico del 13 de febrero 2026 por parte de la Fiscalía 223 de la Dirección Seccional de Bogotá.

Hoja No. 10 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

---

Bogotá, por el delito de fabricación, tráfico y porte de armas de fuego o municiones por porte, en etapa de indagación. Estado Activo.

En el presente caso, la Sala de Casación Penal de la Corte Suprema de Justicia concluyó que el presupuesto constitucional de prohibición de doble juzgamiento no se opone a la entrega del ciudadano requerido. Al respecto la Corporación precisó:

"(...) 20. ***Otros factores de improcedencia***

*20.1. La jurisprudencia de la Sala de Casación Penal ha sido reiterativa en indicar que, para que opere la extradición, es necesario establecer que nuestro país no haya ejercido su jurisdicción, respecto del mismo hecho que fundamenta el pedido. Esa precisión significa que, el principio de la cosa juzgada, como faceta de la garantía constitucional del debido proceso, es causal de improcedencia de la extradición (CSJ CP028-2019, CSJ CP165-2014 y CSJ CP, 9 mayo 2009, Rad. 30373, entre otros).*

*20.2. Frente al punto en estudio, no se advierte motivo que impida conceptuar favorablemente a la solicitud en tanto que no se acreditó la existencia se sentencias ejecutoriadas por los mismos hechos y delitos por los que fue requerido en extradición.*

*20.2.1. En la práctica de pruebas, la Fiscalía General de la Nación informó que el implicado registra a su nombre dos procesos penales por los delitos de receptación y fabricación, tráfico y porte de armas de fuego, partes o municiones (radicados 110016000015202480054 y 110016000017202204525, respectivamente); sin embargo, precisó que dichos asuntos aun se encuentran en curso, el primero en etapa de juzgamiento, y el segundo en indagación. Además, según se observa, se trata de actuaciones adelantadas por conductas diferentes a las que motivaron el pedido de extradición. (...)*

En ese orden de ideas, la existencia de los procesos penales activos previamente referidos hace necesario el análisis previsto en el artículo 504 de la Ley 906 de 2004, relativo a la posibilidad de **diferir la entrega** del ciudadano requerido.

Al respecto, resulta pertinente señalar que corresponde al Gobierno Nacional adoptar la determinación sobre el momento de la entrega del ciudadano requerido, como lo dispone la norma citada en los siguientes términos:

--------------------------------------------------------------------------------------------------------

> *"**Artículo 504. ENTREGA DIFERIDA**. Cuando con anterioridad al recibo del requerimiento la persona solicitada hubiere delinquido en Colombia, en la resolución ejecutiva que conceda la extradición, podrá diferir la entrega hasta cuando se le juzgue y cumpla pena, o hasta que por preclusión de la instrucción o sentencia absolutoria haya terminado el proceso[5] (…)"*

En este sentido, la expresión "podrá" permite al Gobierno Nacional, valorar las circunstancias particulares y adoptar una u otra medida, en uso de la facultad que la ley le otorga.

En virtud de dicha facultad, el Gobierno Nacional, no considera conveniente en este caso en particular, diferir o aplazar la entrega del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES,** por cuenta de los procesos penales antes enunciados, y por el contrario, ordenará que se lleve a cabo la misma, previo el cumplimiento de los condicionamientos que serán establecidos en el presente acto administrativo, con la advertencia al Estado requirente que, cumplida una eventual condena por los hechos por los que se concede la extradición o cuando de algún modo cese el motivo de detención, el ciudadano requerido deberá retornar al país para comparecer a los procesos penales mencionados, en caso de que así se requiera.

**10.** Que el Gobierno Nacional, en atención a lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004, debe exigir al Gobierno de los Estados Unidos de América que el ciudadano requerido no sea juzgado por un hecho anterior y distinto del que motiva la solicitud de extradición.

**11.** Que el Gobierno Nacional ordenará la entrega del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES** condicionada al ofrecimiento del compromiso del Estado requirente de cumplir las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

--------------------------------------

[5] Artículo 504 de la Ley 906 de 2004.

Hoja No. 12 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

-------------------------------------------------------------------------------------------------

Al quedar condicionada la entrega, la Fiscalía General de la Nación no podrá poner a disposición del Estado requirente al mencionado ciudadano sino hasta tanto se allegue, por parte del país requirente, el compromiso formal sobre el cumplimiento de estos condicionamientos, para lo cual, tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

12.     Que al ciudadano requerido le asiste el derecho de que se le reconozca en el Estado requirente el tiempo que permaneció detenido por cuenta del trámite de extradición, y para acreditar esa situación, podrá solicitar la respectiva constancia a la Fiscalía General de la Nación, por ser la entidad competente para esos efectos.

13.     Teniendo en cuenta que el ciudadano requerido no ostenta la nacionalidad colombiana se considera pertinente, como lo precisó la Sala de Casación Penal de la Corte Suprema de Justicia, informar de la presente decisión a la Embajada de la República Bolivariana de Venezuela, para que tenga conocimiento del presente trámite en el cual está involucrado un connacional suyo.

Por lo expuesto,

**RESUELVE**:

**ARTÍCULO PRIMERO**: **Conceder** la extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**, identificado con cédula de identidad No. V-28.551.346, expedida en la República Bolivariana de Venezuela, requerido para comparecer a juicio por el **Cargo Uno** (*Concierto internacional para distribuir cocaína*); **Cargo Dos** (*Distribución internacional de cocaína*); **Cargo Tres** (*Concierto para suministrar apoyo material a una organización terrorista extranjera*); **Cargo Cuatro** (*Suministro e intento de suministrar apoyo material a una organización terrorista extranjera*) y **Cargo Cinco** (*Distribución internacional de cocaína*), imputados en la Acusación Sustitutiva en el Caso Número 4:25-cr-00030-S1 (también referida como Caso 4:25-cr-00030 y Caso No. 4:25-cr-00030-S1-2), dictada el 8 de abril del 2025, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas.

Hoja No. 13 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

----------------------------------------------------------------------------------------------------

**ARTÍCULO SEGUNDO: No diferir la entrega** del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES** por cuenta de los procesos penales que obran en su contra. En consecuencia, ordenar que se lleve a cabo la misma, de conformidad con lo expuesto en la parte motiva de la presente resolución.

De igual manera, se advierte al Estado requirente que, una vez cumplida una eventual condena por los hechos que sustentan la extradición, o cuando cese el motivo de la detención, el ciudadano requerido deberá regresar a Colombia para comparecer a los procesos penales mencionados.

**ARTÍCULO TERCERO**: Ordenar la entrega del **JOSÉ ENRIQUE MARTÍNEZ FLORES** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

**ARTÍCULO CUARTO**: Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004.

**ARTÍCULO QUINTO**: Notificar personalmente la presente decisión al interesado, a su representante o apoderado, o a la persona debidamente autorizada por el interesado para notificarse, haciéndole saber que contra la misma procede el recurso de reposición, el cual podrá interponer por escrito en la diligencia o dentro de los diez (10) días siguientes a su notificación, de conformidad con lo dispuesto en los artículos 67 y 76 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

Hoja No. 14 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano venezolano **JOSÉ ENRIQUE MARTÍNEZ FLORES**

---------------------------------------------------------------------------------------------------------------------

**ARTÍCULO SEXTO**: Una vez ejecutoriada la presente Resolución, enviar copia de ésta a la Dirección de Asuntos Jurídicos Internacionales del Ministerio de Relaciones Exteriores, a la Fiscal General de la Nación, a las autoridades judiciales ante las cuales cursan procesos en contra del ciudadano requerido y a la Embajada de la República Bolivariana de Venezuela, para lo de sus respectivas competencias.

**ARTÍCULO SEXTO**: La presente Resolución rige a partir de la fecha de su ejecutoria.

**Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido o a su apoderado a la persona debidamente autorizada por el interesado para notificarse, **comuníquese** al Ministerio de Relaciones Exteriores, a la Fiscalía General de la Nación, a las autoridades judiciales ante las cuales cursan procesos en contra del ciudadano requerido y a la a la Embajada de la República Bolivariana de Venezuela en Colombia y **cúmplase.**

Dada en Bogotá, D.C. a  3 MAR 2026

EL MINISTRO DE JUSTICIA Y DEL DERECHO

JORGE IVÁN CUERVO RESTREPO