

Received on

**17 APR. 2026**

Copy to JUDATT
Copy to DOJ/OIA
L/LEI



REPUBLIC OF COLOMBIA
**MINISTRY OF FOREIGN AFFAIRS**

[Colombia Coat of Arms: Liberty and Order]

**DIAJI No. 1653**

The Ministry of Foreign Affairs – Directorate of International Legal Affairs – sends its best regards to the Honorable Embassy of the United States of America, on the occasion of sending Official Correspondence No. MJD-OFI26-0017520-DAI-10100 of April 15, 2026, attached to which is Executive Resolution No. 072 of March 03, 2026, by which the National Government granted the extradition of Mr. **JOSE ENRIQUE MARTÍNEZ FLORES** on the following terms:

> *"**ARTICLE ONE: To grant** the extradition of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**, identified with identity card No. V-28.551.346, issued in the Bolivarian Republic of Venezuela, requested to stand trial for **Count One** (International cocaine distribution conspiracy); **Count Two** (International cocaine distribution), **Count Three** (Providing material support to a foreign terrorist organization conspiracy); **Count Four** (Providing and attempting to provide material support to a foreign terrorist organization); and **Count Five** (International cocaine distribution), made in the Superseding Indictment in Case Number 4:25-cr-00030-SI [sic] (also referred to as Case 4:25-cr-00030 and Case No. 4:25-cr-00030-SI [sic]-2), returned on April 8, 2025, in the US District Court for the Southern District of Texas.*
>
> ***ARTICLE TWO: Not to defer the surrender** of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES** on the basis of the criminal proceedings brought against him. To therefore order that the same be effectuated, in accordance with that stated in the rationale of the present resolution.*
>
> *Additionally, the requesting State is advised that once any potential sentence for the acts that are the basis of the extradition is completed or should the grounds for his arrest*

To the Honorable
**EMBASSY OF THE UNITED STATES OF AMERICA**
*City*

[Signature]

**GOVERNMENT EXHIBIT**

2

4:25-cr-00030

PENGAD 800-631-6989



REPUBLIC OF COLOMBIA
**MINISTRY OF FOREIGN AFFAIRS**

[Colombia Coat of Arms: Liberty and Order]

**Libertad y Orden**

DIAJI No. 1653 page 2/3

*cease to exist, the requested citizen must be returned to Colombia to appear in the aforementioned criminal proceedings.*

***ARTICLE THREE:*** *To order the surrender of **JOSÉ ENRIQUE MARTÍNEZ FLORES** to the requesting State under an agreement which meets the conditions established in the second paragraph of article 494 of Law 906 of 2004, that is, that the requested citizen shall not be subjected to enforced disappearance, torture or cruel, inhumane, or degrading treatment or punishments, or the punishments of exile, life imprisonment, or confiscation.*

*As soon as the above-mentioned agreement is received, the Ministry of Justice and Law will send a copy of the decision and of the guarantees offered to the Office of the Prosecutor General of the Nation so that the necessary steps can be taken to place the requested person at the disposal of the requesting State.*

***ARTICLE FOUR:*** *To advise the requesting State that the citizen being extradited may not face trial nor be sentenced for a prior act unrelated to the one that is the basis of the present extradition, in conformity with the provisions of the first paragraph of article 494 of Law 906 of 2004. [...]."*

In conformity with the foregoing, and having taken into account the communiqué of the Ministry of Justice and Law, a copy of which is attached, and pursuant to what was ordered in the executive resolution referenced above, it is requested that the United States of America offer the required guarantees, in accordance with that ordered in the 2nd paragraph of article 494 of Law 906 of 2004 and in line with that resolved by the Honorable Constitutional Court in Plenary Session in Judgment C-1106 dated August 24, 2000, in which it directed that:

*"[…] the surrender of a person for extradition to the requesting State, when the death penalty exists in that State for the crime that is the basis of the extradition, may occur only on the condition of the penalty being commuted, or the*



REPUBLIC OF COLOMBIA
**MINISTRY OF FOREIGN AFFAIRS**

[Colombia Coat of Arms: Liberty and Order]

DIAJI No. 1653 page 3/3

*equivalent as may be ordered there, as well as the condition that the extradited person not be subjected to enforced disappearance, torture or cruel, inhumane, or degrading treatment or punishments, or the punishments of exile, life imprisonment, or confiscation, in conformity with the provisions of articles 11, 12, and 34 of the Political Constitution […]"*

The Ministry of Foreign Affairs – Directorate of International Legal Affairs – takes this opportunity to reiterate assurance of its highest esteem and consideration to the Honorable Embassy of the United States of America.

*[Signature]*
Bogotá, Capital District, April 16, 2026



Justicia

[Colombia Coat of Arms: Justice]

Cite this number when replying
MJD-OFI26-0017520-DAI-10100

Bogotá, Capital District, Colombia, April 15, 2026

Doctor
**JHON JAIRO CAMARGO MOTTA**
Director of International Legal Affairs
Ministry of Foreign Affairs
Calle 10 No. 5 - 51 Palacio San Carlos
extradiciones.cancilleria@cancilleria.gov.co
Bogotá, Capital District

Code:GGEuzrxy1R

Subject: Extradition process of JOSE ENRIQUE MARTÍNEZ FLORES

Doctor Camargo:

I respectfully communicate to you that the National Government, through Executive Resolution No. 072 of March 03, 2026, granted the extradition of the Venezuelan citizen **JOSE ENRIQUE MARTÍNEZ FLORES**, to the Government of the United States of America, on the following terms:

> *"(..)* **ARTICLE ONE: To grant** *the extradition of the Venezuelan citizen* **JOSÉ ENRIQUE MARTÍNEZ FLORES***, identified with identity card No. V-28.551.346, issued in the Bolivarian Republic of Venezuela, requested to stand trial for* **Count One** *(International cocaine distribution conspiracy);* **Count Two** *(International cocaine distribution),* **Count Three** *Providing material support to a foreign terrorist organization conspiracy);* **Count Four** *(Providing and attempting to provide material support to a foreign terrorist organization); and* **Count Five** *(International cocaine distribution), made in the Superseding Indictment in Case Number 4:25-cr-00030-SI [sic] (also referred to as Case 4:25-cr-00030 and Case No. 4:25-cr-00030-SI [sic]-2), returned on April 8, 2025, in the US District Court for the Southern District of Texas.*
>
> **ARTICLE TWO: Not to defer the surrender** *of the Venezuelan citizen* **JOSÉ ENRIQUE MARTÍNEZ FLORES** *on the basis of the criminal proceedings brought against him. To therefore order that the same be effectuated, in accordance with that stated in the rationale of the present resolution.*

**Ministry of Justice and Law**
Address: Calle 53 No. 13 – 27, Bogotá, Capital District, Colombia
Switchboard: +57 (60) 1 444 31 00
Toll-free Line: (+57) 01 8000 911170



**Justicia**

[Colombia Coat of Arms: Justice]

*Additionally, the requesting State is advised that once any potential sentence for the acts that are the basis of the extradition is completed or should the grounds for his arrest cease to exist, the requested citizen must be returned to Colombia to appear in the aforementioned criminal proceedings.*

***ARTICLE THREE***: *To order the surrender of* ***JOSÉ ENRIQUE MARTÍNEZ FLORES*** *to the requesting State under an agreement which meets the conditions established in the second paragraph of article 494 of Law 906 of 2004, that is, that the requested citizen shall not be subjected to enforced disappearance, torture or cruel, inhumane, or degrading treatment or punishments, or the punishments of exile, life imprisonment, or confiscation.*

*As soon as the above-mentioned agreement is received, the Ministry of Justice and Law will send a copy of the decision and of the guarantees offered to the Office of the Prosecutor General of the Nation so that the necessary steps can be taken to place the requested person at the disposal of the requesting State.*

***ARTICLE FOUR:*** *To advise the requesting State that the citizen being extradited may not face trial nor be sentenced for a prior act unrelated to the one that is the basis of the present extradition, in conformity with the provisions of the first paragraph of article 494 of Law 906 of 2004. "(..)*

I likewise attach a copy of the above-mentioned administrative act with the intent of informing the requesting country that the National Government has granted the extradition of **JOSE ENRIQUE MARTÍNEZ FLORES**, while clarifying that he has not yet been made available for transfer because the surrender [of Mr. Martinez] is conditioned on the offer of some guarantees.

Furthermore, I wish to communicate to the requesting state that they should present a formal agreement as soon as possible, via diplomatic means, on complying with the conditions imposed by the National Government that guarantees the provisions of the second paragraph of article 494 of Law 906 of 2004, which are that the requested citizen not be subjected to enforced disappearance, torture or cruel, inhumane, or degrading treatment or punishments, or the punishments of exile, life imprisonment, or confiscation.

**Ministry of Justice and Law**
Address: Calle 53 No. 13 – 27, Bogotá, Capital District, Colombia
Switchboard: +57 (60) 1 444 31 00
Toll-free Line: (+57) 01 8000 911170



**Justicia**

[Colombia Coat of Arms: Justice]

As soon as the above-mentioned agreement is received, this Ministry will send copies of the respective administrative act and of the guarantees offered to the Office of the Prosecutor General of the Nation, with the object that said entity will proceed to place the requested person at the disposal of the requesting State.

Lastly, it should be noted that the aforementioned resolution has been enacted.

Cordially,

[Signature]

ANGELA PATRICIA ACOSTA GUTIÉRREZ
(Acting) Director of International Affairs

| **Prepared by:** | **Reviewed by:** | **Approved by:** |
|---|---|---|
| Extraditions Group, COS-1493 | Extraditions Group, APA | Extraditions Group, APA |
| DAI | DAI | DAI |

**Ministry of Justice and Law**
Address: Calle 53 No. 13 – 27, Bogotá, Capital District, Colombia
Switchboard: +57 (60) 1 444 31 00
Toll-free Line: (+57) 01 8000 911170



[Colombia Coat of Arms: Government of Colombia]

**EXECUTIVE RESOLUTION NUMBER___072___OF_____**

[Wet stamp:]
−MAR 3, 2026

To decide on a request for extradition

**THE PRESIDENT OF THE REPUBLIC OF COLOMBIA,**
in exercise of the powers conferred on him by article 491 of Law 906
of 2004, and

**CONSIDERING:**

**1.**　　　That, through Note Verbale No.  0278 of February 14, 2025, the Government of the United States of America, through its Embassy in Colombia, requested the provisional detention for the purpose of extradition of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**, who is requested in order to stand trial for crimes related to criminal conspiracy and the trafficking of illicit drugs.

**2.**　　　That, in response to said request, the Prosecutor General of the Nation, through the Resolution of February 17, 2025, ordered the arrest for the purpose of extradition of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**, identified with identity card No. V-28.551.346, issued in the Bolivarian Republic of Venezuela, which was executed on March 31, 2025, by members of the National Police's Directorate of Criminal Investigation and Interpol.

**3.**　　　That, through Note Verbale No. 0951 of May 22, 2025, the Embassy of the United States of America in our country formalized the request for extradition of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**.

Page No. 2 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

------------------------------------------------------------------------------------------------------------------

In said Note, it was reported that this citizen is the subject of a Superseding Indictment in Case Number 4:25-cr-00030-S1 (also referred to as Case 4:25-cr-00030 and Case No. 4:25-cr-00030-S1-2), returned on April 8, 2025, in the US District Court for the Southern District of Texas, as described below:

*"(...) SEALED*
*SUPERSEDING INDICTMENT*

*THE GRAND JURY ISSUES THE FOLLOWING INDICTMENT:*

*COUNT ONE*
*(International cocaine distribution conspiracy)*

*Beginning in May 2024, the exact date being unknown to the grand jury, and from then until the return of this formal indictment, in the countries of Colombia and Venezuela and within the extraterritorial jurisdiction of the United States of America, the defendants*

*(...)*
*and*
*JOSÉ ENRIQUE MARTÍNEZ FLORES*
*alias Chuqui*

*did knowingly and intentionally conspire, together with others known and unknown to the grand jury, to manufacture and to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing, intending, and having reasonable cause to believe that such substance would be unlawfully imported into the United States of America.*

*In violation of Title 21, United States Code, Sections 963, 959(a), 960(a)(3), and 960(b)(1)(B).*

Page No. 3 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

---------------------------------------------------------------------------------------------------------------------------------

### COUNT TWO
*(International cocaine distribution)*

*On or about November 6, 2024, in the country of Colombia and within the extraterritorial jurisdiction of the United States of America, the defendants*

*(...)*
*and*

**JOSÉ ENRIQUE MARTÍNEZ FLORES**

*alias Chuqui*

*did knowingly and intentionally manufacture and distribute a controlled substance, knowing, intending, and having reasonable cause to believe that such substance would be unlawfully imported into the United States of America. The controlled substance in question exceeded 5 kilograms, to wit, approximately 10 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.*

*In violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B); and Title 18, United States Code, Section 2.*

### COUNT THREE
*(Providing material support to a foreign terrorist organization conspiracy)*

*Beginning approximately on or about February 20, 2025, and from then until the return of this formal indictment, in the Southern District of Texas and other places, including the countries of Colombia and Venezuela within the extraterritorial jurisdiction of the United States of America, the defendants*

*(...)*
*and*

**JOSÉ ENRIQUE MARTÍNEZ FLORES**

*alias Chuqui*

Page No. 4 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

-----------------------------------------------------------------------------------------------------------------

*did conspire, together with others known and unknown to the grand jury, to provide 'material support or resources,' as defined in section 2339A(b) of Title 18 of the United States Code, to wit, personnel (including themselves) and services, to a foreign terrorist organization called Tren de Aragua ('TdA'), which during the entire relevant period has been designated by the United States Secretary of State as a foreign terrorist organization under section 219 of the Immigration and Nationality Act, knowing that TdA was a designated foreign terrorist organization and that TdA participates and has participated in terrorist activities and that TdA participates and has participated in acts of terrorism.*

*In violation of Title 18, United States Code, Section 2339B.*

### COUNT FOUR
*(Providing and attempting to provide material support to a foreign terrorist organization)*

*Beginning approximately on or about February 20, 2025, and from then until the return of this formal indictment, in the Southern District of Texas and other places, including the countries of Colombia and Venezuela within the extraterritorial jurisdiction of the United States of America, the defendants*

*and*

*(...)*

*JOSÉ ENRIQUE MARTÍNEZ FLORES*

*alias Chuqui*

*did provide and attempt to provide 'material support or resources' as defined in section 2339A(b) of Title 18 of the United States Code, to wit, personnel (including themselves) and services, to a foreign terrorist organization called TdA, which during the entire relevant period has been designated by the United States Secretary of State as a foreign terrorist organization under section 219 of the Immigration and Nationality Act, knowing that TdA was a designated foreign terrorist organization and that TdA participates and has participated in terrorist activities and that TdA participates and has participated in acts of terrorism.*

072

Page No. 5 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

---------------------------------------------------------------------------------------------------------------------------

*In violation of Title 18, United States Code, Sections 2339B and 2.*

## COUNT FIVE
*(International cocaine distribution)*

*On or about March 5, 2025, in the countries of Colombia and Venezuela and within the extraterritorial jurisdiction of the United States of America, the defendants*

*(...)*

*and*

*JOSÉ ENRIQUE MARTÍNEZ FLORES*

*alias Chuqui*

*did knowingly and intentionally manufacture and distribute a controlled substance, knowing, intending, and having reasonable cause to believe that such substance would be unlawfully imported into the United States of America. The controlled substance in question exceeded 5 kilograms, to wit, approximately 14 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.*

*In violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B); and Title 18, United States Code, Section 2. (...)."*

Additionally, the requesting country, in Note Verbale No. 0951 of May 22, 2025, indicated that:

*"(...) On April 9, 2025, on the basis of the charges in the Superseding Indictment, the US District Court for the Southern District of Texas issued a warrant for the arrest of MARTÍNEZ FLORES. Said arrest warrant is valid and actionable. (...)"*

4.    That, after the request for extradition of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES** was formalized, the Ministry of Foreign Affairs, through the Directorate of International Legal Affairs, via official correspondence S-DIAJI-25-017201 of May 23, 2025, was of the opinion that:

Page No. 6 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

-----------------------------------------------------------------------------------------------------------------------

*"(...) In conformity with that established in our domestic law of criminal procedure, be aware that this is a case subject to agreements to which the Republic of Colombia and the United States of America are parties.*

*After reviewing this Ministry's record of the treaties, it should be noted that the following multilateral agreements on the subject of mutual legal assistance are in force for the Parties:*

*•    The 'United Nations Convention against the Illicit Traffic in Narcotic Drugs and Psychotropic Substances," signed in Vienna on December 20, 1988[1]. On this topic, Article 6, numbered points 4 and 5, of the aforementioned treaty read as follows:*

*'4.    The Parties which do not make extradition conditional on the existence of a treaty shall recognize offenses to which this article applies as extraditable offenses between themselves.*

*5.    Extradition shall be subject to the conditions provided for by the law of the requested Party or by applicable extradition treaties, including the grounds upon which the requested Party may refuse extradition.'*

*•    The 'United Nations Convention against Transnational Organized Crime,', adopted in New York on November 15, 2000[2], in its article 16, numbered points 6 and 7, sets forth the following:*

*'6. States Parties that do not make extradition conditional on the existence of a treaty shall recognize offenses to which this article applies as extraditable offenses between themselves.*

*7.  Extradition shall be subject to the conditions provided for by the domestic law of the requested State Party or by applicable extradition treaties, including, inter alia, conditions in relation to the minimum penalty requirement for extradition and the grounds upon which the requested*

---

[1] Article 3, numbered point 1, lettered point a.
[2] Article 3, paragraph 1, sections a) or b)

Page No. 7 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

-----------------------------------------------------------------------------------------------------------------------

*State Party may refuse extradition.'*

*In conformity with that stated and in light of that established in articles 491 and 496 of Law 906 of 2004, management of the aspects not regulated by the aforementioned conventions shall be regulated according to the provisions of the Colombian legal system. (...)"*

5.      That, having prepared the extradition case of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**, thusly, the Ministry of Justice and Law, through official correspondence MJD-OFI25-0025394-DAI-10100 of June 5, 2025, sent it to the Court of Cassation for Criminal Matters of the Supreme Court of Justice for an opinion on the matter.

6.      That, through Note Verbale No. 1099 of June 13, 2025, the Embassy of the United States of America reported a discrepancy between the electronic versions of the supporting documents for the extradition of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES** that were sent to the Ministry of Justice and Law and the print versions of the same, indicating:

*"(...) Specifically, the translations of the Superseding Indictment and of the arrest warrant are swapped, so that the arrest warrant is Exhibit B and the Superseding Indictment is Exhibit C. Other than that, the rest of the documents sent are the same. This does impact the validity of the request for extradition. (...)"*

7.      That the Court of Cassation for Criminal Matters of the Supreme Court of Justice, through its pronouncement of January 21, 2026[3], having found that the requirements set forth by the rules applicable to the case were fulfilled, issued an opinion upholding the extradition of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES.**

On this issue, the Body declared:

---

[3] Case filed at the Ministry of Justice and Law on February 9, 2026.

Page No. 8 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

---------------------------------------------------------------------------------------------------------------------------

*"(…)21. Opinion of the Court*

*On the basis of the above considerations, the Court of Cassation for Criminal Matters of the Supreme Court of Justice issues an OPINION UPHOLDING the request for the extradition of JOSÉ ENRIQUE MARTÍNEZ FLORES, a Venezuelan citizen identified with card No. V-28.551.346, issued in the Bolivarian Republic of Venezuela, brought by the Government of the United States of America, in relation to the acts indicated in the charges contained in Superseding Formal Indictment 4:25-cr-00030S1, returned on April 8, 2025, by the US District Court for the Southern District of Texas - Houston Division.*

*22. Conditions of the opinion*

*22.1. In accordance with Article 494 of Law 906 of 2004, the National Government must require of the requesting State that the requested person not be sentenced to capital punishment, nor tried for acts different than those which are the basis of the request for extradition, nor subjected to enforced disappearance, torture, cruel, inhumane or degrading treatments or punishments, or the punishments of exile, life imprisonment, or confiscation, in conformity with that established by articles 11, 12, and 34 of the Political Constitution.*

*22.2. Additionally, the time that the requested person has been detained on account of the extradition proceedings should be recognized as time served against any penalty that may be imposed.*

*22.3. In light of the fact that the requested person is a Venezuelan citizen, the Executive Branch must transmit the resolution accepting or denying the extradition to the diplomatic representative of the Bolivarian Republic of Venezuela in Colombia, so that they are aware of the proceedings involving one of their nationals.*

*23. Finally, as the Office of the Prosecutor General of the Nation reports that criminal proceedings 110016000015202480054 and 110016000017202204525 are being brought against the requested person for the crimes of the receipt of stolen goods and the manufacturing, trafficking, and possession of firearms, parts, or munitions thereof, respectively, it is the responsibility of the National Government, should it grant the extradition, to submit a copy of this opinion into the records of those proceedings, which are under the jurisdiction of Bogotá*

Page No. 9 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

-----------------------------------------------------------------------------------------------------------------

*District Prosecutor's Offices 223 and 50, respectively. (...)"*

**8.**      That, pursuant to the opinion issued by the Court of Cassation for Criminal Matters of the Supreme Court of Justice, and having taken into account that in accordance with that established in article 501 of Law 906 of 2004, the National Government is free to operate according to the national interest, the extradition of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**, identified with identity card No. V-28.551.346, issued in the Bolivarian Republic of Venezuela, will be granted. He is requested so that he may stand trial for **Count One** *(International cocaine distribution conspiracy)*; **Count Two** *(International cocaine distribution)*; **Count Three** *(Providing material support to a foreign terrorist organization conspiracy)*; **Count Four** *(Providing and attempting to provide material support to a foreign terrorist organization)*; and **Count Five** *(International cocaine distribution)*, made in the Superseding Indictment in Case Number 4:25-cr-00030-S1 (also referred to as Case 4:25-cr-00030 and Case No. 4:25-cr-00030-S1-2), returned on April 8, 2025, in the US District Court for the Southern District of Texas.

**9.**      That, from the information alleged in the record, it can be established that there are the following criminal proceedings against the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**:

i.      Radicado No. 110016000015202480054, brought by Prosecutor's Office 223, attached to the Criminal Negligence Unit of the Bogotá District Directorate, for the crime of receipt of stolen goods, at the trial stage. Active Case.

This case has a date set for the opening of evidentiary hearings on March 24, 2026, at 8 am. It will proceed before Criminal Court 32 of the Circuit of Bogotá.[4]

ii.      Proceeding No. 110016000017202204525, brought by Prosecutor's Office 50, attached to the Public Safety Unit of the Bogotá District Directorate, for the crime of manufacturing, trafficking, and possession of firearms or munitions for transport, in the pre-charge investigation

---

[4] Information sent through email dated February 13, 2026, from Prosecutor's Office 223 of the Bogotá District Directorate

Page No. 10 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

-------------------------------------------------------------------------------------------------------------------------

phase. Active Case.

In the instant case, the Court of Cassation for Criminal Matters of the Supreme Court of Justice concluded that the constitutional protection of the prohibition of double jeopardy does not prevent the surrender of the requested citizen. On this issue, the Body declared:

*"(...) 20.  **Other factors posing an obstacle to legality***

*20.1. The jurisprudence of the Court of Cassation for Criminal Matters has been consistent in stating that, in order for an extradition to occur, it is necessary to establish that our country has not exercised its own jurisdiction over the same act that is the basis of the request [for extradition]. This means that the principle of res judicata, as an element of the constitutional guarantee of due process, is grounds for the impermissibility of an extradition (CSJ CP028-2019, CSJ CP165-2014, and CSJ CP, May 9, 2009, Radicado No. 30373, inter alia).*

*20.2. Regarding the matter at hand, no grounds are apparent which would prevent an opinion upholding the request [for extradition], as the existence of sentences imposed for the same acts and offenses for which the extradition was requested has not been substantiated.*

*20.2.1. During the presentation of evidence, the Office of the Prosecutor General of the Nation reported that the suspect has two criminal proceedings recorded under his name, for the crimes of the receipt of stolen goods and the manufacturing, trafficking, and possession of firearms, parts, or munitions thereof (Radicado No. 110016000015202480054 and Radicado No. 110016000017202204525, respectively); however, it specified that said proceedings are still in progress, the first is in the trial stage and the second is in pre-charge investigation. Moreover, as is observed, the above proceedings concern different activities than those which are the basis of the request for extradition. (...)*

In this context, the existence of the active criminal proceedings referred to above makes necessary the analysis laid out in article 504 of Law 906 of 2004, regarding the possibility of **deferring the surrender** of the requested citizen.

On this topic, it is relevant to note that it is the responsibility of the National

072

Page No. 11 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

--------------------------------------------------------------------------------------------------------------------------

Government to make the decision regarding the moment when the requested citizen is surrendered, as stipulated in the following terms by the aforementioned rule:

> *"**Article 504. DEFERRED SURRENDER.** If, prior to receiving the request [for extradition], the requested person has committed an offense in Colombia, in the executive resolution granting the extradition, the surrender may be deferred until [the requested person] has been tried and served their sentence or until the proceedings have ended due to the investigation being closed or a judgment of not guilty. [5] (...)"*

In this context, the expression "may" permits the National Government to weigh the particular circumstances and to choose one option or the other, in exercise of the powers conferred by law.

In exercise of said power, the National Government does not consider it appropriate in this case to defer or delay the surrender of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES** on the basis of the aforementioned criminal proceedings and, instead, will order the extradition to be carried out, pending compliance with the conditions to be established in this administrative act and with notice to the requesting state that once any potential sentence for the acts for which the extradition is granted is served or when, for any reason, the grounds for arrest cease to exist, the requesting State must return the requested citizen to the country [Colombia] so that he may stand trial in the aforementioned criminal proceedings, should such be requested.

10.    That the National Government, pursuant to the provisions of the first paragraph of article 494 of Law 906 of 2004, must demand of the Government of the United States of America that the requested citizen not face trial for a prior act unrelated to the one that is the basis of the request for extradition.

11.    That the National Government shall order the surrender of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES** on the condition of the requesting State presenting an agreement to comply with the conditions established in the second paragraph of article 494 of Law 906 of 2004, that is, that the requested citizen not be subjected to enforced disappearance, torture or cruel, inhumane, or degrading

--------------------------------------------------

[5] Article 504 of Law 906 of 2024

Page No. 12 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

----------------------------------------------------------------------------------------------------------------------

treatment or punishments, or the punishments of exile, life imprisonment, or confiscation.

The surrender [of the requested person] being so conditioned, the Office of the Prosecutor General of the Nation cannot place the above-mentioned citizen at the disposal of the requesting State without first obtaining from the requesting country a formal agreement to comply with these conditions. Accordingly, as soon as the aforementioned agreement is received, the Ministry of Justice and Law will send a copy of the decision and of the guarantees offered to the Office of the Prosecutor General of the Nation so that the necessary steps can be taken to place the requested person at the disposal of the requesting State.

12.      That the requested citizen has the right to have the period of time during which he has been detained on account of the extradition proceedings recognized as time served by the requesting State, and, to supply evidence concerning this situation, he may request the corresponding record from the Office of the Prosecutor General of the Nation, that being the entity with competency in such matters.

13.      Having taken into account that the requested citizen is not of Colombian nationality, it is considered appropriate, as was specified by the Court of Cassation for Criminal Matters of the Supreme Court of Justice, to inform the Embassy of the Bolivarian Republic of Venezuela of the present decision, so that they are aware of the present proceedings in which one of their nationals is involved.

Therefore,

**RESOLVES:**

**ARTICLE ONE: To grant** the extradition of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**, identified with identity card No. V-28.551.346, issued in the Bolivarian Republic of Venezuela, requested to stand trial for **Count One** *(International cocaine distribution conspiracy)*; **Count Two** *(International cocaine distribution)*; **Count Three** *(Providing material support to a foreign terrorist organization conspiracy)*; **Count Four** *(Providing and attempting to provide material support to a foreign terrorist organization)*; and **Count Five** *(International cocaine distribution)*, made in the Superseding Indictment in Case Number 4:25-cr-00030-S1

072

Page No. 13 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

-----------------------------------------------------------------------------------------------------------------------

(also referred to as Case 4:25-cr-00030 and Case No. 4:25-cr-00030-S1-2), returned on April 8, 2025, in the US District Court for the Southern District of Texas.

**ARTICLE TWO: Not to defer the surrender** of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES** on the basis of the criminal proceedings brought against him. To therefore order that the same be effectuated, in accordance with that stated in the rationale of the present resolution.

Additionally, the requesting State is advised that, once any potential sentence for the acts that are the basis of the extradition is completed or should the grounds for his arrest cease to exist, the requested citizen must be returned to Colombia to appear in the aforementioned criminal proceedings.

**ARTICLE THREE:** To order the surrender of **JOSÉ ENRIQUE MARTÍNEZ FLORES** to the requesting State under an agreement which meets the conditions established in the second paragraph of article 494 of Law 906 of 2004, that is, that the requested citizen shall not be subjected to enforced disappearance, torture or cruel, inhumane, or degrading treatment or punishments, or the punishments of exile, life imprisonment, or confiscation.

As soon as the above-mentioned agreement is received, the Ministry of Justice and Law will send a copy of the decision and of the guarantees offered to the Office of the Prosecutor General of the Nation so that the necessary steps can be taken to place the requested person at the disposal of the requesting State.

**ARTICLE FOUR:** To advise the requesting State that the citizen being extradited may not face trial nor be sentenced for a prior act unrelated to the one that is the basis of the present extradition, in conformity with the provisions of the first paragraph of article 494 of Law 906 of 2004.

**ARTICLE FIVE:** To personally serve notice to the affected party, their representative or proxy, or the person duly authorized by the affected party to receive service of the present decision, letting them know they may file a motion for reconsideration against the same, which can be filled in writing when notice is served or within ten (10) days after being served notice, in conformity with the provisions of articles 67 and 76 of the Code of Administrative Procedure and Contentious Administrative Proceedings.

Page No. 14 of the Resolution *"To decide on a request for extradition."* Extradition process of the Venezuelan citizen **JOSÉ ENRIQUE MARTÍNEZ FLORES**

-------------------------------------------------------------------------------------------------------------------

**ARTICLE SIX:** Once this Resolution has been enacted, to send a copy thereof to the Ministry of Foreign Affairs' Directorate of International Legal Affairs, the Office of the Prosecutor General of the Nation, the judicial authorities before whom there are proceedings against the requested citizen, and the Embassy of the Bolivarian Republic of Venezuela, as it concerns matters that lie within their respective areas of competence.

**ARTICLE SIX [sic]:** The present Resolution comes into force on the date of its enactment.

**Let it be thus published** in the Official Gazette, **let notice be served** to the requested citizen or his representative or a person duly authorized by the citizen to receive service, **let it be thus communicated** to the Ministry of Foreign Affairs, the Office of the Prosecutor General of the Nation, the judicial authorities before whom there are proceedings against the requested citizen, and the Embassy of the Bolivarian Republic of Venezuela in Colombia, and **let it be thus executed**.

[Wet stamp:]

Issued in Bogotá, Capital District, on ‐MAR 3, 2026

*[Signature]*

THE MINISTER OF JUSTICE AND LAW

*[Signature]*

JORGE IVÁN CUERVO RESTREPO